IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-cv-648-FDW-DSC

SECURITY FIRST BANK,

         Plaintiff,

vs.

IF ARMOR INTERNATIONAL LLC,

         Defendant.

## **CONSENT PROTECTIVE ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Consent Protective Order, made pursuant to Fed. R. Civ. P. 26 and Local Civil Rule 6.1. The Court finds that there is good cause for the entry of a protective order in the following form in order to facilitate discovery and provide protection for trade secret and other confidential research, development, and commercial information belonging to the parties to this action or to non-parties who may be required to produce information in connection with this action:

    **1.**  **Designating Information as Confidential Information.** Any person who claims an interest in information produced or disclosed in the course of this action, whether in a document (as the term "document" is defined by Fed. R. Civ. P. 34) or through deposition testimony, and who reasonably and in good faith believes that the information constitutes a trade secret, other confidential research, development, or commercial information, or personally identifying information, may designate the information, in whole or in part, as confidential for protection under this Protective Order ("*Protected Information*"). There shall be two categories of Protected Information under this Protective Order: Confidential Information ("*Confidential Information*") and Attorneys' Eyes Only Information ("*Attorneys' Eyes Only Information*").

Information shall not be considered Protected Information for purposes of this Protective Order unless the information is designated as either Confidential Information or Attorneys' Eyes Only Information in accordance with this Protective Order.

**(a)** **Documents.** To designate a document as Confidential Information, the designating person must ensure that the word "CONFIDENTIAL" appears prominently on each page of a document, or those pages or portions of the document intended to be so designated, in a manner that will not interfere with the document's legibility. To designate a document as Attorneys' Eyes Only Information, the designating person must ensure that the phrase "RESTRICTED—ATTORNEYS' EYES ONLY" appears prominently on each page of a document, or those pages or portions of the document intended to be so designated, in a manner that will not interfere with the document's legibility. Provided, that if a document is produced in its native format and as a result, the word "CONFIDENTIAL" or the phrase "RESTRICTED-ATTORNEYS' EYES ONLY" cannot be easily affixed (or cannot be affixed at all) to the document in that format, the designating person may designate the document as Confidential Information or Attorneys' Eyes Only Information by providing some other reasonable form of notice of the designation at the time the document is produced.

**(b)** **Deposition Testimony.** Any person may designate deposition testimony as Confidential Information or Attorneys' Eyes Only Information either (i) by indicating on the record at the deposition that all or some part(s) of the deposition is/are subject to the designation or (ii) by providing written notice to all parties within thirty days of the preparation of the deposition transcript that all of the deposition is being designated as Confidential Information or Attorneys' Eyes Only Information or that parts of the

deposition specifically identified in the notice are being designated as Confidential Information or Attorneys' Eyes Only Information. Every deposition transcript shall be treated as if all of the transcript had been designated as Attorneys' Eyes Only Information until at least thirty days after the deposition transcript is prepared. Access to the deposition transcript shall be limited in accordance with the terms of this Protective Order.

**2.** **Non-Disclosure of Protected Information.** Except as authorized by this Protective Order, by the written consent of the person (or counsel to such person) who produced information in this litigation and properly designated it as Protected Information, or pursuant to a subsequent Order of this Court, neither information designated as Protected Information nor the substance, essence, or a summary of the Protected Information shall be disclosed to any person. Anyone who receives Protected Information must ensure that the information is stored at a location and in a manner that ensures that access to the information is limited to the persons authorized by this Protective Order to receive it.

**3.** **Permissible Use of Protected Information.** Except as otherwise authorized by this Protective Order, Protected Information may be used only for prosecuting, defending, or attempting to settle this litigation and for no other purpose whatsoever. Any person to whom Protected Information is disclosed shall not use or disclose the Protected Information except as permitted by this Protective Order. Provided, nothing in this Protective Order shall prevent a person who produced Protected Information in this litigation from using that information however he, she, or it chooses or disclosing that information to whomever he, she, or it chooses.

4. **Permissible Disclosures of Confidential Information.**

(a) Information designated as Confidential Information may be disclosed to only the following persons:

(1) The Court and officials involved in this case, including, but not limited to, court reporters and persons operating video recording equipment at depositions;

(2) The parties' respective in-house and outside counsel, including their partners, associates, paralegals, secretaries, and clerical and support personnel working with or under the supervision of counsel, to the extent reasonably necessary to render professional services in this action;

(3) A party, or an officer, director, partner, member, associate, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(4) Persons who were the authors of a document containing the Confidential Information or who received the document before this action was filed;

(5) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(6) The following additional persons:

a. Experts or consultants, together with their clerical staff, who are retained by an attorney of record in this lawsuit for the purpose of consulting or testifying in this lawsuit, and

who do not have any affiliation with any party to the litigation or any interest in the litigation except for their status as a retained expert or consultant;

b. Non-party witnesses, to the extent reasonably necessary to interview or examine such witnesses;

c. Employees of third-party contractors engaged by and working under the supervision of the parties' outside counsel, to the extent reasonably necessary to render professional services in this action;

d. Any mediator whom the parties jointly select to mediate this case; and

e. Any other person to whom the parties all agree in writing the Confidential Information may be disclosed.

(b) Prior to receiving any Confidential Information, each person described in the provisions of <u>subparagraph 4(a)(6)</u> above shall be provided a copy of this Order and shall execute an undertaking in the form of <u>Exhibit A</u>, an executed copy of which shall be maintained by the lawyer who makes the disclosure.

**5. Permissible Disclosures of Attorneys' Eyes Only Information.**

(a) Information designated as Attorneys' Eyes Only Information may be disclosed to only the following persons:

(1) The Court and officials involved in this case, including, but not limited to, court reporters and persons operating video recording equipment at depositions;

(2) The parties' respective outside counsel, including their partners, associates, paralegals, secretaries, and clerical and support personnel working with or under the supervision of counsel, to the extent reasonably necessary to render professional services in this action;

(3) Persons who were the authors of a document containing the Attorneys' Eyes Only Information or who received the document before this action was filed;

(4) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(5) The parties' respective in-house counsel; and

(6) The following additional persons:

    a. Experts or consultants, together with their clerical staff, who are retained by an attorney of record in this lawsuit for the purpose of consulting or testifying in this lawsuit, and who do not have any affiliation with any party to the litigation or any interest in the litigation except for their status as retained experts or consultants; and

    b. Any other person to whom the parties all agree in writing the Attorneys' Eyes Only Information may be disclosed.

(b) Prior to receiving any Attorneys' Eyes Only Information, each person described in the provisions of subparagraph 5(a)(6) above shall be provided a copy of this Order and shall execute an undertaking in the form of Exhibit A, an executed copy of which shall be maintained by the lawyer who makes the disclosure.

6. **Challenges to Protected-Information Status.** Parties shall not be obliged to challenge the propriety of a designation of information as Protected Information—whether the information is designated as Confidential Information or Attorneys' Eyes Only Information—at the time the designation is made and a failure to do so at that time shall not preclude a later challenge to the designation. In the event any party disputes the designation of any information as Protected Information, the party shall first attempt to resolve the dispute in good faith on an informal basis with the person (or counsel for the person) who designated the information as Protected Information. If the dispute cannot be resolved in that manner, any person may seek appropriate relief from this Court. The person asserting confidentiality shall have a reasonable opportunity to be heard and shall have the burden of proving the information should be treated as Protected Information. The information will remain confidential in accordance with its designation until the Court rules on the dispute over the designation.

7. **Filing Protected Information.**

(a) If any person wishes to file one or more documents or portions of documents under seal, then that person shall comply with Local Civil Rule 6.1's requirements for doing so.

(b) (1) If any person (a "*Filer*") seeks to file one or more documents or portions of documents that have been designated as Protected

Information by some other person, then the Filer shall first confer with the person who designated the information as Protected Information (or if the person is represented by counsel, the person's counsel) about how the information should be filed.

(2) If the person who designated the information as Protected Information desires that the materials be filed under seal, then the Filer shall file a redacted version of the document(s) on the Court's docket and separately file an unredacted version of the document(s) under seal, along with a notice to the Court explaining why the documents are being filed under seal and a reference to this Protective Order.

(3) The Filer shall serve the person who designated the document(s) as Protected Information with a notice that the documents have been filed under seal.

(4) Any person who wishes that the Protected Information remain under seal must, within fourteen days of the filing of the documents containing or consisting of the Protected Information, file a motion to seal that complies with Local Civil Rule 6.1(c). The document(s) shall remain under seal until the Court rules on the motion to seal.

8. **Inadvertent Production**. If any person inadvertently produces or discloses information without first designating the information as Protected Information under this Protective Order, the inadvertent production shall not operate as a waiver of the person's ability

to assert later that the inadvertently produced information is in fact protected and should thereafter be treated as such, subject to the provisions of paragraph 6 of this Protective Order.

9. **Requests from Non-Parties.** Any person receiving Protected Information who receives a subpoena, request for production, or order issued in any other litigation, proceeding, or investigation that compels disclosure of that Protected Information must: (a) promptly provide a copy of the subpoena, request, or order to the person who designated the information as Protected Information, (b) promptly notify in writing the person who caused the subpoena, request, or order to issue in the other litigation, proceeding, or investigation that some or all of the material covered by the subpoena, request, or order is subject to this Protective Order, and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating person whose Protected Information may be affected. If the designating person makes a timely motion, objection, or other application for relief from the subpoena, request, or order in the appropriate forum, the person subject to the subpoena, request, or order shall not produce or disclose the requested Protected Information without consent of the designating person or until ordered to do so by a court of competent jurisdiction.

10. **Unauthorized Disclosure of Protected Information.** If a person who receives Protected Information learns that, by inadvertence or otherwise, he, she, or it has disclosed that information in any circumstance not authorized by this Protective Order, he, she, or it must immediately (a) notify the person who produced the information of the unauthorized disclosure, (b) use his, her, or its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom the unauthorized disclosures were made of all of the terms of this Protective Order, and (d) request that such person or persons execute the undertaking attached to this Protective Order as Exhibit A.

11. **Protection for Non-Parties.** Any non-party to this action from whom discovery is sought may avail him-, her-, or itself of this Protective Order's protections in the same manner as a party to this action.

12. **Discoverability of Information.** Nothing in this Protective Order shall prevent any party from discovering information, including Protected Information, in this lawsuit.

13. **Treatment of Information at Hearings and Trial.** This Court will rule on how information designated as Protected Information will be treated at any hearing or trial.

14. **Admissibility, Relevance, etc.** Nothing in this Protective Order shall be construed as an agreement or admission by a person who has not designated certain information as Protected Information that the information so designated by someone else is, in fact, confidential. Nor shall anything in this Protective Order or the designation of information by anyone as Protected Information be construed as an agreement or admission as to the competency, relevance, admissibility, or materiality of anything designated as Protected Information.

15. **Modification Permitted**. Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that the party believes is otherwise improper. In particular, nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection for any testimony, information, document, or thing as the party may consider appropriate in the circumstances.

16. **Final Disposition**.

    (a) All provisions of this Protective Order restricting the disclosure or use of Protected Information shall continue to be binding after the conclusion of

the litigation with respect to that Protected Information unless (i) otherwise agreed in writing by the person who designated that information as Protected Information or (ii) ordered by the Court. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Protected Information shall relieve any person from the obligation of maintaining the confidentiality of the Protected Information or of complying with this Protective Order's restrictions on the use of the Protected Information.

(b) The Clerk of Court shall be permitted to return to counsel or destroy any sealed material at the end of this litigation.

(c) Within forty-five days of the entry of final judgment, following any appeals, in this action or within forty-five days of the execution of a settlement agreement fully resolving this action, all persons other than the Clerk of Court who have received Protected Information shall return or destroy all materials containing Protected Information—including, but not limited to, all copies, excerpts, or extracts of the same. In the event materials have been destroyed, the recipient of the materials or his, her, or its counsel shall provide to the person who designated the information as Protected Information a written certification bearing the handwritten signature of the recipient or his, her, or its counsel certifying that all materials consisting of or containing the Protected Information provided to that recipient have been destroyed. Only one written certification will be

11

required for any law firm or other business to which Protected Information was provided.

**SO ORDERED**.

David S. Cayer
United States Magistrate Judge

Signed: May 21, 2021

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-cv-648

SECURITY FIRST BANK,

          Plaintiff,

vs.

IF ARMOR INTERNATIONAL, LLC,

          Defendant.

     I have been provided with a copy of, and have read, the Consent Protective Order entered in the lawsuit identified above and agree to be bound by the Consent Protective Order's terms. I understand that, except as specifically permitted by the Consent Protective Order, disclosure of Confidential Information or Attorneys' Eyes Only Information constitutes contempt of court, and I consent to the Court's exercise of personal jurisdiction over me so that the Court may enforce the Consent Protective Order's provisions against me, if necessary. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

_____
Name [print]

_____
Date